# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN MEDLIN #344-912 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-14-1043 |
| WARDEN FRANK B. BISHOP, JR., et al., | * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

The Respondents move to dismiss Brian Medlin's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 7). Medlin has responded, arguing his one-year limitations period had not expired at the time he filed his federal Petition. He also argues his case should be deemed equitably tolled. He attributes the delay in filing to the trial court's alleged failure to properly instruct him of his appellate rights and his long-standing mental illness. (ECF No. 13, pp. 1-3). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall DISMISS the Petition as time-barred and DENY a certificate of appealability.

## Procedural History

On February 26, 2008, Medlin pleaded guilty in the Circuit Court for Baltimore City to one count of attempted second-degree murder and first-degree assault. He was sentenced the same day to consecutive sentences totaling thirty years' imprisonment. (ECF No. 7-1, p. 1; ECF 1, p. 1). Medlin did not file an application for leave to appeal the entry of his guilty plea and sentence (ECF 5-1); thus, his judgment of conviction became final on March 27, 2008, when the

time for doing so expired. *See* Md. Code. Ann., Cts & Jud. Proc. Art., §12-302 (e) (1997) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought). A motion for modification of sentence was denied on May 13, 2008. (ECF No. 7-1, p. 4).

On August 20, 2010, Medlin filed a petition for post-conviction relief in the Circuit Court for Baltimore City but withdrew the petition on January 19, 2011. (ECF No. 1; ECF No. 7-1, pp. 4-5). A second post-conviction petition, filed in the Circuit Court on September 11, 2012, was denied on March 22, 2013. (ECF No. 7-1, pp. 6, 8). Medlin filed an application for leave to appeal this ruling, which was summarily denied by the Court of Special Appeals in an unreported opinion filed on December 27, 2013. The court's mandate issued on January 27, 2014. (ECF 7-1, p. 8).

Medlin seeks federal habeas corpus relief by asserting ineffective assistance of counsel and trial court error relating to his guilty plea.[1] (ECF 3, p. 6). His Petition is signed April 14, 2014 (ECF 1-7), and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

It is not disputed that within one year of completing his state post-conviction challenge to his guilty plea, Medlin filed the instant federal action. That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period.

The one-year period which applies to habeas petitions begins to run on the date on which

---

[1] Medlin asserts that neither the trial court nor trial counsel assessed the voluntariness of his plea, explained the elements of the charges against him, and determined whether his decision to plead guilty was knowingly made. He also claims his history of mental illness was not explored by counsel prior to trial or later during post-conviction proceedings.

2

the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run on February 27, 2008, and expired one year later, on February 27, 2009. Clearly, Medlin failed to seek federal habeas corpus relief in a timely manner. He argues that the limitations period should be statutorily tolled in his favor because the trial court informed him that he had "30 days to seek an appeal," rather than 30 days to seek leave to appeal. (ECF No. 13, p. 1). As previously noted, under Maryland law, a defendant seeking to appeal a guilty plea has thirty days to seek leave to appeal in the Court of Special Appeals of Maryland. The distinction however, is of no moment, as Medlin did not request appeal.

In order to be entitled to equitable tolling, Medlin must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Medlin claims that he is entitled to equitable tolling of the one-year limitations period because of mental illness. (ECF No. 3; ECF No. 13, pp. 2-3; ECF No. 13-1, pp. 2-12). While Medlin clearly had mental health issues during his childhood, there is no indication that he was mentally ill while awaiting trial.[2] On September 8, 2014 – more than six years after his conviction and five months after filing the instant Petition -- Medlin filed a petition for

---

[2] *See* http://casesearch.courts.state.md.us.

commitment to the Department of Health and Mental Hygiene ("DHMH") for drug and alcohol evaluation. It appears to have been unsuccessful; an appeal has been filed and remains pending.

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Medlin from timely completing post-conviction relief with regard to the validity of his guilty plea. Medlin has not been found mentally deficient or mentally incompetent. To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Medlin has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Medlin has not made a "substantial showing of the denial of a constitutional right."[3] A separate Order follows.

January 30, 2015
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Medlin from requesting a Certificate of Appealability from the appellate court.